IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID ALLEN GILBERT, JR.                                                                PLAINTIFF

v.                                    Civil No. 2:21-CV-02203

CASSANDRA JOHNSON,                                                                     DEFENDANTS
SERGEANT BRANDON HICKS,
SERGEANT DYLAN ROSS, and
OFFICER JESSIE DYER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is obliged to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on December 9, 2021. (ECF No. 1). Plaintiff alleges his federal constitutional rights were violated while incarcerated in the Franklin County Detention Center ("FCDC"). (*Id*.). For his first claim, Plaintiff alleges that on November 11, 2021, Defendant Dyer gave him a food tray which was "short 1 portion of food." (*Id*. at 4). Plaintiff alleges he has a "unique diet," and his tray is often different than those served to the other inmates. (*Id*.). For this meal, he received the same tray as the other inmates. (*Id*.) Plaintiff alleges that

---
[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

when he complained, Dyer laughed and accused him of lying, and ignored other inmates telling him Plaintiff's tray was shorted. (*Id*. at 5). Plaintiff proceeds against Defendant Dyer in his individual capacity. (*Id*. at 5).

For his second claim, Plaintiff alleges that FCDC C-Pod is an open barracks which usually contains 15 or more inmates and only has one toilet.[2] (*Id*. at 6). Plaintiff further alleges that Defendant Johnson, the jail administrator, has set a policy in which two inmates must share a roll of toilet paper. (*Id*.). Plaintiff does not identify the length of time for which the roll must suffice. Plaintiff alleges he has had to fight other inmates to get toilet paper. (*Id*.). Plaintiff further alleges that inmates smear feces "on the edge of the whole roll" making it impossible to use the toilet paper for its intended use without risking disease. (*Id*.). Plaintiff does not state that he has become ill, but states that FCDC has had two outbreaks of hepatitis-A recently. (*Id*. at 6-7). Plaintiff names Defendants Ross, Johnon, and Hicks for this claim. (*Id*. at 6). He proceeds against them in their official capacity. (*Id*. at 8).

For his third claim, Plaintiff alleges that Defendants Hicks, Johnson, and Ross denied him access to a law library on November 17, 2021. (*Id*. at 8). He also alleges they failed to follow the grievance process and ignored his grievances about the issue.[3] (*Id*.). Plaintiff alleges that when they responded to his grievance they brought him a statutory volume which "in no way comes close to the subject matter that I requested." (*Id*.). He further alleges he was told that FCDC does not have a library, that we "only have one book and it is really old." (*Id*.). Plaintiff proceeds

---

[2] Plaintiff lists November 16, 2021, as the date for this claim, but the allegations do not appear to be limited to a single day.
[3] To the extent this could be read to be a claim concerning the FCDC grievance process, Plaintiff fails to state a plausible claim. The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure or a grievance response. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no claim when defendants failed to timely and properly respond to a grievance).

2

against these Defendants in their official and individual capacities. (*Id*.). Plaintiff seeks compensatory and punitive damages. (*Id*. at 10). He states:

> With no grievance process and guards denying me food and a complete disregard for my health through deliberate indifference and no access to refference [sic] in the law library they are treating me like less then an animal not even a human being. I am supposed to be innocent until proven guilty.
>
> I would like the Court to make them accountable for their actions and have to pay all cost for this proceeding and all others thereafter. including my own attorney fees. $100,000 for my damage and expenses. (*Id*.).

## II.   LEGAL STANDARD

Under § 1915A, the Court must screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

3

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Claim One – Missed Portion of One Meal

Plaintiff's claim that he was denied a portion of one food tray for one meal is frivolous. Missing even a full meal does not rise to the level of a constitutional violation. "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talia v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (expressing doubt that Talia, who missed approximately 50 meals in five months and lost 15 pounds, met this threshold); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (even on a regular permanent basis, two meals a day may be adequate); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (claim that inmate missed eight meals properly dismissed as frivolous); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (Eighth Amendment not violated when inmate served only one meal a day for 15 consecutive days where the one meal was sufficient to maintain normal health.).

#### B. Claim Two – Sharing Toilet Facilities

Plaintiff's allegation that 15 inmates were forced to share one toilet fails to state a plausible claim. Taking his allegation as true, Plaintiff has alleged only an inconvenience, not an Eighth Amendment violation. *See Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991) (First noting the American Correctional Association standards recommended one toilet per 12 inmates, the Eighth Circuit held that one toilet per 24 inmates was an inconvenience, not an Eighth Amendment violation.).

Plaintiff's allegations concerning the FCDC policy of toilet paper rationing states a claim sufficient to survive screening. *See Stickley v. Byrd*, 703 F.3d 421, 424 (8th Cir. 2013) (finding ration policy of one roll of toilet paper per inmate per week not a constitutional violation only because the inmate had the opportunity to shower after a bowel movement when he ran out of paper for five days.). Plaintiff does not, however, need to sue three FCDC employees to bring this official capacity claim. As he alleges the toilet paper policy in question was promulgated by Defendant Johnson, bringing this claim against her is sufficient. A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity. *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir.2007). Thus, Plaintiff's official capacity claims against Defendants Hicks and Ross for toilet paper rationing should be dismissed as redundant.

### C. Claim Three – Access to a Law Library

Plaintiff's allegation that he was denied access to a law library fails to state a plausible denial of access-to-courts claim. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds*, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a

number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-52; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25; *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. at 350-51). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds*, 430 U.S. at 824-25.

Here, Plaintiff has not alleged that he suffered any prejudice or actual injury because FCDC lacked a law library. Further, he was able to successfully file this lawsuit. Thus, Plaintiff has failed to state a plausible denial-of-access-to courts claim.

## IV. CONCLUSION

Accordingly, the undersigned makes the following recommendations:

1. Plaintiff's individual capacity claim against Defendant Dyer for denying him his full portion of a food tray for one meal should be DISMISSED WITHOUT PREJUDICE, and Defendant Dyer should be TERMINATED as a Defendant in this case.

2. Plaintiff's official capacity claim against Defendants Johnson, Hicks, and Ross that 15 inmates were forced to share one toilet should be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's official capacity claim against Defendant Hicks and Ross regarding toilet paper rationing should be DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's official capacity claim against Defendant Johnson regarding toilet paper rationing should remain for further review.

5. Plaintiff's official and individual capacity claim against Defendants Hicks, Johnson, and Ross for denial of access to a law library should be DISMISSED WITHOUT PREJUDICE.

6. Defendants Hicks and Ross should be TERMINATED as Defendants in this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE